UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE BENARD AUSTION,<br><br>   Petitioner,<br><br>v.<br><br>SHANON D. WITHERS, et al.,<br><br>   Respondents. | Case No. 2:24-cv-00579-GMN-MDC<br><br>**DISMISSAL ORDER** |

*Pro se* Petitioner Jasmine Benard Austion has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging how his sentence in his federal criminal case[1] is being carried out, calculated, or credited by prison or parole authorities. (ECF No. 1-1 ("Petition").) Specifically, Austion is disputing an incident that took place at the prison which resulted in him losing good-time credits. (*Id*. at 2.) This Court dismisses the Petition because (1) it has been improperly commenced and (2) this Court lacks jurisdiction.

**I.   DISCUSSION**

Austion has not properly commenced this action by filing an *in forma pauperis* ("IFP") application and or paying his filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. This Court may authorize an indigent prisoner to begin a habeas action without

---

[1] In his federal criminal case, case number 2:22-cr-00010-JAD-MDC-1, Austion was sentenced to three concurrent terms of 135 months. It appears that Austion recently filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and a Motion for Sentence Reduction in case number 2:22-cr-00010-JAD-MDC-1.

paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Further, this Court lacks jurisdiction over this case. Federal district courts may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 provides, in relevant part, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The United States Supreme Court has explained that the phrase "within their respective jurisdictions" in § 2241 "require[s] the presence of the prisoner within the territorial jurisdiction of the District Court as a prerequisite to his filing of application for habeas corpus." *United States v. Hayman*, 342 U.S. 205, 220 (1952). The Ninth Circuit has further explained that when a petitioner and his custodian are "within the territorial jurisdiction of the district court at the time the petition for writ of habeas corpus [is] filed, the district court [has] jurisdiction to determine the merits of the litigation." *Smith v. Campbell*, 450 F.2d 829, 834 (9th Cir. 1971). In his Petition, Austion states that he is currently confined at United States Penitentiary Coleman 1 in Sumterville, Florida.[2] (ECF No. 1-1 at 1.) Accordingly, neither Austion nor his custodian were within the territorial jurisdiction of the District of Nevada on the date the Petition was filed.

---

[2] Notably, USP Coleman 1 appears to be within the jurisdiction of the United States District Court for the Middle District of Florida.

## II.    CONCLUSION

It is therefore ordered that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1) is dismissed with prejudice. Austion is denied a Certificate of Appealability, as jurists of reason would not find dismissal of the Petition for the reasons delineated in this Order to be debatable or wrong.

It is further ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) enter final Judgment dismissing this action with prejudice, and (3) close this case.

Dated: March 28, 2024

_____
Gloria M. Navarro, Judge
United States District Court